State of New York, *nunc pro tunc.* No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. MARK J. CHADSEY, Admitted on January 15, 1987, at a term of the Appellate Division, Fourth Department. [671 NYS2d 967] —The order of this Court entered on April 24, 1997 (230 AD2d 366), is recalled and vacated *nunc pro tunc,* and the Opinion Per Curiam filed therewith is amended to vacate so much thereof as pertains to the above-named respondent. Respondent's name is directed to be restored to the roll of attorneys and counselors-at-law in the State of New York, *nunc pro tunc.* No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. ERWIN LOUIS CHEROVSKY, Admitted on December 2, 1958, at a term of the Appellate Division, Fourth Department. [671 NYS2d 968] —The order of this Court entered on April 24, 1997 (230 AD2d 366), is recalled and vacated *nunc pro tunc,* and the Opinion Per Curiam filed therewith is amended to vacate so much thereof as pertains to the above-named respondent. Respondent's name is directed to be restored to the roll of attorneys and counselors-at-law in the State of New York, *nunc pro tunc.* No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. EDWARD TIMOTHY CALLAHAN, Admitted on May 24, 1957, at a term of the Appellate Division, First Department. [671 NYS2d 968] —The order of this Court entered on April 24, 1997 (230 AD2d 366), is recalled and vacated *nunc pro tunc,* and the Opinion Per Curiam filed therewith is amended to vacate so much thereof as pertains to the above-named respondent. Respondent's name is directed to be restored to the roll of attorneys and counselors-at-law in the State of New York, *nunc pro tunc.* No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. JONATHAN BARLOW CARTER, Admitted on May 5, 1986, at a term of the Appellate Division, First Department. [672 NYS2d 673] —The order of this Court entered on April 24, 1997 (230 AD2d 366), is recalled and vacated *nunc pro tunc,* and the Opinion Per Curiam filed therewith is amended to vacate so much thereof as pertains to the above-named respondent. Respondent's name is directed to be restored to the roll of

attorneys and counselors-at-law in the State of New York, *nunc pro tunc.* No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.

■ CITY OF NEW YORK v LIBERMAN. [685 NYS2d 610] —Motion for clarification of this Court's decision and order entered on July 31, 1997 (232 AD2d 42) granted, and, upon clarification, the decretal paragraph on the last page of the decision and order is deleted in its entirety and the following substituted therefor: "Accordingly, the order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered September 18, 1995, after a nonjury trial, should be reversed, on the law, without costs or disbursements, the City awarded $175,000 against Cesar Taormina and Medgar Evers Enterprises, Inc., the $5,000 award against Cesar Taormina and President Maintenance Corp. vacated, and the action dismissed as to President Maintenance Corp." The motion insofar as it seeks the inclusion of interest from October 31, 1982 is denied, without prejudice to renewal in the IAS Court. *Sua Sponte,* the words "President Maintenance" are deleted and the words "Medgar Evers Enterprises, Inc." substituted on page 11, lines 18 and 23 of the aforesaid decision and order. Concur—Sullivan, J. P., Milonas, Mazzarelli and Andrias, JJ.

(March 5, 1998)

■ BANKERS TRUST COMPANY, Respondent, v MONROE WIRE & CABLE CORP., Defendant, and MONROE CABLE COMPANY et al., Appellants. [670 NYS2d 70] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about May 30, 1997, which conditionally granted plaintiff's motion to strike defendants-appellants' answer, and denied appellants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The record demonstrates that appellants' failure to comply with discovery was willful, and the IAS Court therefore did not improvidently exercise its discretion in conditionally striking appellants' answer. In light of the foregoing, appellants' cross motion for summary judgment was properly denied. Concur—Ellerin, J. P., Nardelli, Rubin and Mazzarelli, JJ.

■ In the Matter of PETER MONTELLA, Respondent, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, et al., Appellants. In the Matter of HOWARD SAFIR, Appellant, v NEW YORK CITY CIVIL SERVICE COMMISSION et al.,